# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | )    **CHAPTER 7** |
| **Dawn A. Pierce,** | ) |
| | )    **Case No. 15-71047** |
| Debtor. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on the Objection of George I. Vogel, II, Chapter 7 Trustee (the "Trustee") to the Claim of Exemptions of the Debtor, Dawn A. Pierce (the "Debtor"). On November 23, 2015, a hearing was held on the Trustee's Objection, where the Trustee objected to the Debtor's claim of exemptions with respect to certain accounts receivable under Virginia Code § 34-26(7) as tools of the Debtor's trade, and under Virginia Code § 34-29, entitled "Maximum portion of disposable earnings subject to garnishment." By Order entered November 24, 2015, the Court sustained the Objection with respect to the § 34-26(7) tools of the trade provision, and continued the hearing on the § 34-29 objection to December 21, 2015. The Debtor and the Trustee were each requested to file authorities in support of their respective positions. Upon review of the parties' submissions, and for the reasons set forth below, the Court will sustain the Trustee's Objection to the Debtor's claim of exemptions under Virginia Code § 34-29.

### STATEMENT OF THE CASE

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the

Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (E).

The Trustee objects to the Debtor's exemption claimed in accounts receivable in the amount of $6,767.00 pursuant to Virginia Code § 34-29. *See* Trustee Obj. ¶ 2. In his memorandum in support of his objection, the Trustee argues that (a) § 34-29 only applies to garnishments, and (b) even if § 34-29 applied to all forms of creditor process, the accounts receivable do not meet the § 34-29 requirements to be protected from applicable creditor process. Trustee's Mem. in Supp. 2-3. The Trustee draws particular attention to Va. Code § 34-29(a), which provides that

> [e]xcept as provided in subsections (b) and (b1), the maximum part of the aggregate disposable earnings of an individual for any workweek *which is subjected to garnishment* may not exceed the lesser of the following amounts: (1) Twenty-five percent of his disposable earnings for that week, or (2) The amount by which his disposable earnings for that week exceed 40 times the federal minimum hourly wage prescribed by § 206(a)(1) of Title 29 of the United States Code in effect at the time earnings are payable.

Va. Code Ann. § 34-29(a) (2011 Repl. Vol.) (emphasis added). In the same statute, the term "garnishment" is defined as "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." *Id.* § 34-29(d)(3).

In the Response to the Trustee's Objection, the Debtor states that she is a professional stenographer, and that on the date of the filing of her bankruptcy petition, the Debtor was owed accounts receivable in the amount of $6,767.00 for stenography work performed prepetition, constituting compensation for the Debtor's services. Debtor Resp. ¶ 1.[1] In addition, the Debtor further argues that § 34-29 protects 75 percent of a debtor's disposable earnings from creditor process, and reading the entire statute, "it is impossible to conclude that [§ 34-29] applies only to

---

[1] The Trustee takes no issue with this statement.

instances with a pending garnishment." *Id.* ¶ 4. In support of this claim, the Debtor argued that the text, "The exemptions allowed herein" in subsection (c), and the text, "Every assignment, sale, transfer, pledge or mortgage of the wages or salary of an individual which is exempted by this section, to the extent of the exemption provided by this section, shall be void and unenforceable by any process of law" in subsection (e) shows that § 34-29 creates an exemption of 75 percent of a person's disposable earnings. The Debtor also cites to the "Definitions" section of § 34-1 and the injunction provision of § 34-2 of the Virginia Code in support of her claim. Section 34-1 defines the term "exempt" as "protection from all forms of creditor process." Va. Code Ann. § 34-1 (2011 Repl. Vol.). Section 34-2 in turn provides that "[a]n injunction may be awarded . . . to prevent the wages exempted by section 34-29 from being garnished or otherwise collected by an execution creditor." *Id.* § 34-2.

The Debtor cites *In re Sheeran* and similar cases in Virginia and the Fourth Circuit for the proposition that § 34-29 allows a debtor to exempt a percentage of her earnings from the bankruptcy estate. Debtor Resp. ¶ 8 (citing *In re Sheeran*, 369 B.R. 910, 918 (Bankr. E.D. Va. 2007); *In re Hanes*, 162 B.R. 733, 742 (Bankr. E.D. Va. 1994); *In re Musgrove*, 7 B.R. 892, 896 (Bankr. W.D. Va. 1981)). However, these cases offer conclusory statements without any analysis or elaboration of the issue of the impact of a lack of garnishment, and they provide little guidance to the case at hand.

In turn, the Trustee asserts that, although *Tignor v. Parkinson (In re Tignor)*, 729 F.2d 977, 981 (4th Cir. 1984) states that "[l]ongstanding Virginia precedent establishes that exemption statutes are to be construed liberally," the Fourth Circuit qualified that statement by determining that such liberal construction "does not authorize the courts to reduce or enlarge the exemption, or to read into the exemption laws an exception not found there." Trustee Mem. in Supp. at 3.

3

The Trustee further argues that, pursuant to Judge Anderson's ruling in *In re Kluge*, Case No. 11-61517 (Bankr. W.D. Va. Oct. 3, 2011), Section 34-29 applies only to earnings that are subject to *garnishment*. Further, here—as in *Kluge*—there is no legal or equitable proceeding through which the earnings of the individual are required by law to be withheld. The Trustee further cites a case from the Virginia Court of Appeals, *Frazier v. Commonwealth*, 348 S.E.2d 405, 407 (Va. App. 1986), which holds that "Code § 34-29 applies to garnishments and nothing more."

The Trustee further contends that the Virginia legislature used the phrase "garnishment" in Section 34-29, when it could have easily used other language found elsewhere in the same statutory scheme. For example, as the Trustee points out, other sections of the Virginia Code that create exemptions use the broader phrase "exempt from creditor process." Section 34-4, the Virginia homestead exemption, provides that "[e]very householder shall be entitled to . . . hold exempt from creditor process . . . .," and Section 34-26, the Virginia "Poor Debtor's Exemption," provides that "every householder shall be entitled to hold exempt from creditor process the following enumerated items . . . ." *See* Va. Code Ann. §§ 34-4, 34-26 (2011 Repl. Vol.). Likewise, Section 34-28.1, which exempts certain personal injury and wrongful death proceeds, ". . . shall be exempt from creditor process . . . ." Va. Code Ann. § 34-28.1 (2011 Repl. Vol.). In Section 34-29, the legislature did not use that language, but instead was more specific, confining that Section's application to *garnishments*, and not the broader *exempt from creditor process*.

Given the above, the Court believes that *Kluge*'s analysis is correct and as there is no garnishment at issue in this case, Section 34-29 simply does not apply to afford the Debtor the relief claimed in her exemption. Because the Court finds that Section 34-29 is not applicable by its statutory terms to the facts of this case, the Court does not believe it necessary to address the

Trustee's other arguments. The Trustee's Objection to the Debtor's Claim of Exemption under § 34-29 will be sustained by separate Order entered contemporaneously herewith.

Decided this 30th day of December, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE

5